IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Taryn Dietrich, individually and on behalf of others similarly situated,<br>    Plaintiff,<br><br>v.<br><br>C.H. Robinson Worldwide, Inc.,<br>    Defendant. | Case No. 18 C 4871<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's motion to strike the class and collective-action allegations and to dismiss the complaint [16] is granted in part and denied in part. Defendant's motion to strike the class and collective-action allegations is denied and its motion to dismiss Plaintiff's individual claims is granted. Plaintiff is given 14 days to replead her individual claims in accordance with the analysis set forth herein.

## STATEMENT

Plaintiff was hired by Defendant, a global provider of transportation services and logistics solutions, as an Account Manager in June 2013. She was employed until June 1, 2017, when she was allegedly constructively discharged. Plaintiff alleges that Defendant misclassified her and the putative class and collective-action members as exempt under the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"), failing to pay them overtime for regularly working more than 40 hours per week. Plaintiff also brings individual claims for gender and disability discrimination and retaliation. Defendant moves to strike the class and collective-action allegations and dismiss Plaintiff's individual claims.

<u>Class and collective-action claims</u>. According to Defendant, all putative class and collective-action employees who started with Defendant since December 2013 signed agreements to arbitrate all employment-related claims. Defendant contends that Plaintiff is not an adequate representative because she did not sign an arbitration agreement at the beginning of her employment in June 2013. *See Santangelo v. Comcast Corp.*, No. 15 C 0293, 2017 WL 6039903, at *4 (N.D. Ill. Dec. 6, 2017) ("The Court agrees that Santangelo [,who did not sign an arbitration agreement,] cannot satisfy Rule 23(a)'s adequacy requirement because he cannot adequately represent the interests of the putative class members who are potentially bound by Comcast's arbitration provision."). The court in *Santangelo*, however, addressed the adequacy issue on a motion for class certification. Currently before the Court is Defendant's motion to strike the class allegations, which comes before class discovery is complete. At the most recent

hearing, Defendant acknowledged that it is aware of approximately 96 putative class and collective-action members who did not sign arbitration agreements. It is likely that Plaintiff will seek to amend her proposed class description based on information obtained during discovery. The Court therefore declines to strike the class allegations at this early stage. *See Carrol v. S.C. Johnsons & Son, Inc.*, No. 17 C 5828, 2018 WL 1695421, at *5 (N.D. Ill. Mar. 29, 2018) (noting that "[o]ther courts in this district have denied motions to dismiss or strike a plaintiff's class claims prior to the plaintiff's motion to certify the class or before a full briefing on the issue is completed," and denying as premature the defendant's motion to strike or dismiss the plaintiff's class allegations).

Plaintiff's individual claims. Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. A complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing the sufficiency of a complaint, the Court must accept all well-pleaded facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A plaintiff alleging discrimination need only allege facts generally establishing that she suffered from an adverse employment action premised upon an impermissible motive. *Clark v. Law Office of Terrence Kennedy, Jr.*, 709 F. App'x 826, 828 (7th Cir. 2017).

As to Plaintiff's disability-discrimination claim, she alleges that while taking disability leave for several months to have two hip surgeries and deal with post-surgical complications, her supervisor "shut down her biggest account." (Compl., Dkt. # 1, ¶ 40.) According to Plaintiff, the loss of her biggest account "devastated her opportunities to make sales and caused her to lose substantial revenue and constituted a constructive discharge." (*Id*. ¶ 41.) Plaintiff further alleges that upon returning to work after her disability leave, her supervisor "humiliated . . . and berated her" over purported mistakes she had made months earlier, which she contends she had handled according to company policy. (*Id*. ¶ 42.) Subsequently, Plaintiff asserts that she was "treated alternately with open hostility or complete silence." (*Id*.) Defendant first contends that Plaintiff fails to allege a disability.

"A plaintiff charging violation of the Americans with Disabilities Act must allege that [s]he is disabled within the meaning of the Act, is nevertheless qualified to perform the essential functions of the job either with or without reasonable accommodation, and has suffered an adverse employment action because of h[er] disability." *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015).[1] The ADAAA defines a disability as "(A) a physical or mental

---

[1] As noted by another court in this district:

> [T]he ADA was amended in 2008 to make the standard for qualifying as disabled more inclusive. ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110−325, 122 Stat. 3553 (effective January 1, 2009). "The question of whether

2

impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1); *see also* 29 C.F.R. § 1630.2 (stating an individual may establish a claim under any one or more of the three subsections: the "actual disability" prong, the "record of" prong, or the "regarded as" prong)). According to the complaint, Plaintiff alleges that Defendant discriminated against her "on account of h[er] disability or perceived disability." (Compl., Dkt. # 1, ¶ 96.)[2]

"An impairment substantially limits a major life activity when a person is either unable to perform a major life activity or is significantly restricted as to the condition, manner or duration under which the individual can perform the major life activity as compared to the average person in the general population." *Quinn v. Chi. Transit Auth.*, No. 17 C 3011, 2018 WL 4282598, at *6 (N.D. Ill. Sept. 7, 2018) (internal quotation marks and citation omitted). "[A] person with an impairment that substantially limits a major life activity, or a record of one, is disabled, even if the impairment is 'transitory and minor' (defined as lasting six months or less)." *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013). According to Plaintiff, after her first hip surgery in December 2016, she returned to work in January 2017, but "post-surgical complications forced her to go out on leave after one week," and "[o]n her doctor's advice, she remained on leave for three months, then had a second hip surgery in April 2016," after which she returned to work in May 2016. (Compl., Dkt. # 1, ¶ 39).

Even construed in Plaintiff's favor, the Court finds that these allegations are insufficient to satisfy Rule 8's pleading requirements. Plaintiff fails to plead facts stating that she was substantially limited in a major life activity. Moreover, Plaintiff fails to allege that she was qualified to perform the essential functions of the job either with or without reasonable accommodation, or that she suffered an adverse employment action *because of* her disability.

---

an individual meets the definition of disability under [the ADA] should not demand extensive analysis." 29 C.F.R. § 1630.1(c)(4). Following the 2008 amendments to the ADA, the term "substantially limits" is to be construed broadly in favor of expansive coverage. 29 C.F.R. § 1630.2(j)(1)(i).

*Bob-Maunuel v. Chipotle Mexican Grill, Inc.*, 10 F. Supp. 3d 854, 880 (N.D. Ill. 2014). The Court uses the acronyms ADA and ADAAA interchangeably in this order, but the applicable law as stated includes the ADAAA.

[2] The Court notes that the "regarded as" prong in the statutory definition of disability does not apply to "impairments that are transitory and minor." *Quinn*, 2018 WL 4282598, at *7. However, "[w]hether Plaintiff's condition was a 'transitory and minor' impairment is a defense to an ADA claim for which the defendant bears the burden of proof." *Id*. Thus, whether Plaintiff was "regarded as" having a disability by Defendant is not properly considered at this stage. In any event, the complaint is not clear as to whether Plaintiff alleges that she was "regarded as" having a disability.

3

Further, as recently commented upon by the Seventh Circuit in a different disability-discrimination and retaliation case, Plaintiff appears to conflate her discrimination and retaliation claims. *Riley v. City of Kokomo*, No. 17-1701, 2018 WL 6061299, at *6 (7th Cir. Nov. 20, 2018) ("Perhaps the most puzzling aspect of [Plaintiff's] response brief was the conflation of her discrimination and retaliation claims."); *see also Nance v. NBCUniversal Media, LLC*, No. 16 C 11635, 2018 WL 1762440, at *5 (N.D. Ill. Apr. 12, 2018) (stating that "Plaintiff's retaliation claim in Count VI appears to be a restatement of his disparate treatment claim from Count II. . . . [that] Defendants terminated him for conduct that white extras engaged in without reprimand," and concluding that while "[t]hese allegations are sufficient to state a Title VII disparate treatment claim, . . . they do not, without more, also establish a claim for retaliation").

Beyond Plaintiff's failure to state a claim for disability discrimination, she also faces the hurdle that the Seventh Circuit has continued to apply the "but for" causation standard to claims under the ADA. *See Milsap v. City of Chi.*, No. 16 C 4202, 2018 WL 488270, at *6 (N.D. Ill. Jan. 19, 2018) ("The Seventh Circuit, having not yet had occasion to decide the question, continues to employ the 'but for' causation standard, which would require Plaintiff to show that the City would not have fired him but for his actual or perceived disability; proof of mixed motives will not suffice."). Therefore, to the extent that Plaintiff alleges that her supervisor "shut down" her largest account, thus constructively discharging her because of her gender, she cannot also claim that she suffered the same consequence because of her disability. *See id.* (concluding that "[b]ecause Plaintiff's allegations clearly suggest 'mixed motives,' the Court must dismiss the ADA claims for failure to state a claim"). To the extent, however, that Plaintiff's gender discrimination claim relies on wholly separate conduct by Defendant, it can coexist with the disability discrimination claim. In other words, provided Plaintiff pleads that she experienced adverse employment actions based on her gender that are independent of those adverse employment actions attributed to her disability claims, the gender discrimination claim may survive.

For these reasons, Defendant's motion to dismiss the disability discrimination claim is granted. The Court also dismisses Plaintiff's gender discrimination claim because, as currently pleaded, it essentially cancels out the disability discrimination claim. Plaintiff is given 14 days to replead her disability and/or gender discrimination claims. To the extent Plaintiff also needs to alter her retaliation claims, she shall do so. Plaintiff is admonished to be clear and specific with respect to the factual allegations underpinning each type of purported discrimination and retaliation, and shall be mindful that "unfair reprimands or negative performance evaluations, unaccompanied by some *tangible* job consequence, do not constitute adverse employment actions." *Jones v. Res-Care, Inc.*, 613 F.3d 665, 671 (7th Cir. 2010) (internal quotation marks and citation omitted, emphasis added in *Jones*). Plaintiff is further reminded that while constructive discharge can constitute an adverse employment action, it only occurs when a reasonable employee finds that her working conditions have become intolerable. *See Chapin v. Fort-Rohr Motors, Inc.,* 621 F.3d 673, 679 (7th Cir. 2010). The Seventh Circuit has recognized two forms of constructive discharge. *See id.* In the first form, a plaintiff must show working

conditions "even more egregious than that required for a hostile work environment claim because employees are generally expected to remain employed while seeking redress, thereby allowing an employer to address a situation before it causes the employee to quit." *Id*. (citation omitted). The second form of constructive discharge "occurs '[w]hen an employer acts in a manner so as to have communicated to a reasonable employee that she will be terminated.'" *Id*. (citation omitted).

**Date**: December 6, 2018

**Ronald A. Guzmán**
**United States District Judge**