IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Taryn Dietrich, individually and on behalf of others similarly situated,** | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 18 C 4871 |
| | ) | Judge Ronald A. Guzmán |
| **C.H. Robinson Worldwide, Inc.,** | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's motion to dismiss the First Amended Complaint ("FAC") [45] is denied.

### STATEMENT

Plaintiff was hired by Defendant, a global provider of transportation services and logistics solutions, as an Account Manager in June 2013. (FAC, Dkt. # 42, ¶ 9.) She was employed until June 1, 2017, when she was allegedly constructively discharged. (*Id*.) Plaintiff alleges that Defendant misclassified her and the putative class and collective-action members as exempt under the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"), failing to pay them overtime for regularly working more than 40 hours per week. In addition, Plaintiff brings individual claims for gender and disability discrimination based on constructive discharge and retaliation. Defendant previously moved to dismiss Plaintiff's individual claims, which this Court granted, and allowed Plaintiff leave to replead. Defendant again moves to dismiss Plaintiff's amended individual claims.

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. A complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing the sufficiency of a complaint, the Court must accept all well-pleaded facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). "The pleading requirement for employment-discrimination claims is minimal" and a plaintiff alleging discrimination need only allege facts generally establishing that she suffered from an adverse employment action premised upon an impermissible motive. *Clark v. Law Office of Terrence Kennedy, Jr.*, 709 F. App'x 826, 828 (7th Cir. 2017).

*Disability Discrimination*

As to Plaintiff's disability-discrimination claim, she alleges that she was required to take leave from her job as a result of two hip surgeries–one in December 2016 and one in April 2017. (FAC, Dkt. # 42, ¶¶ 40-42.) According to Plaintiff, after her first surgery in December 2016, she returned to work in January 2017, but post-surgery complications forced her to "go out on leave again after one week." (*Id*. ¶ 41.) She further alleges that "[o]n her doctor's advice, she remained on leave for three months during which she continued to be substantially limited in major life activities, including walking, running, sitting, and because her mobility in general was substantially limited and she required the use of crutches and a hip brace." (*Id*.) Plaintiff "then had a second hip surgery in April 201[7] (due to a labral tear in her other hip) and was substantially limited in major life activities, including walking, running, [and] sitting . . . ." (*Id*. ¶ 42.) She states that when she returned to work on May 18, 2017, she "continued to suffer substantial limitations in major life activities including walking, running, sitting, and because her mobility in general was substantially limited." (*Id*.)

According to Plaintiff, despite her hip injuries and surgeries, "she was able to perform the essential functions of her job with reasonable accommodations, including time off for surgery and post-operative recovery and a standing desk, . . . which [Plaintiff] requested but was not granted."[1] (*Id*. ¶ 43.) While she was on her "approved disability leave," her supervisor "shut down her biggest account," but "none of her non-disabled counterparts were similarly penalized." (*Id*.) Plaintiff alleges that the loss of her biggest account "devastated her opportunities to make sales and caused her to lose substantial revenue and constituted a constructive discharge." (*Id*. ¶ 46.) Finally, Plaintiff contends that on the day she returned from leave after the second surgery, her manager humiliated her and berated her over alleged mistakes she had made during the one week she had returned to work in January 2017, which she contends she had handled according to company policy. (*Id*. ¶ 47.) Plaintiff also asserts that she was "treated alternately with open hostility or complete silence." (*Id*.)

"A plaintiff charging violation of the Americans with Disabilities Act must allege that [s]he is disabled within the meaning of the Act, is nevertheless qualified to perform the essential functions of the job either with or without reasonable accommodation, and has suffered an adverse employment action because of h[er] disability." *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015).[2] The ADAAA defines a disability as "(A) a physical or mental

---

[1] Plaintiff's allegation alludes to a failure-to-accommodate disability discrimination claim, but Plaintiff states in her response to the motion to dismiss that she is not alleging a failure-to-accommodate claim. (Pl.'s Resp., Dkt. # 50, at 11 n.2.)

[2] As noted by another court in this district:

> [T]he ADA was amended in 2008 to make the standard for qualifying as disabled more inclusive. ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No.

2

impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1); *see also* 29 C.F.R. § 1630.2 (stating an individual may establish a claim under any one or more of the three subsections: the "actual disability" prong, the "record of" prong, or the "regarded as" prong)). According to the FAC, Defendant discriminated against her and constructively discharged her "because of her disability, her record of disability and/or perceived disability." (FAC, Dkt. # 42, ¶ 108.)³

"An impairment substantially limits a major life activity when a person is either unable to perform a major life activity or is significantly restricted as to the condition, manner or duration under which the individual can perform the major life activity as compared to the average person in the general population." *Quinn*, 2018 WL 4282598, at *6 (internal quotation marks and citations omitted). "[A] person with an impairment that substantially limits a major life activity, or a record of one, is disabled, even if the impairment is 'transitory and minor' (defined as lasting six months or less)." *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013). According to Plaintiff, after her first hip surgery in December 2016, she returned to work in January 2017, but post-surgical complications forced her to take leave again after one week and she remained on leave for three months on her doctor's advice. (Compl., Dkt. # 42, ¶¶ 40-41.) She then had a second hip surgery in April 2017 and returned to work in May 2017. (*Id*. ¶ 42.) As noted by the Court in its previous order, the alleged humiliation and unfair attacks on her work by her supervisor likely do not constitute adverse employment actions. *Jones v. Res-Care, Inc.*, 613 F.3d 665, 671 (7th Cir. 2010) (noting that "unfair reprimands or negative performance evaluations, unaccompanied by some *tangible* job consequence, do not constitute adverse employment actions") (internal quotation marks and citation omitted, emphasis added in *Jones*).

---

110–325, 122 Stat. 3553 (effective January 1, 2009). "The question of whether an individual meets the definition of disability under [the ADA] should not demand extensive analysis." 29 C.F.R. § 1630.1(c)(4). Following the 2008 amendments to the ADA, the term "substantially limits" is to be construed broadly in favor of expansive coverage. 29 C.F.R. § 1630.2(j)(1)(i).

*Bob-Maunuel v. Chipotle Mexican Grill, Inc.*, 10 F. Supp. 3d 854, 880 (N.D. Ill. 2014). The Court uses the acronyms ADA and ADAAA interchangeably in this order, but the applicable law as stated includes the ADAAA.

³ The Court notes that the "regarded as" prong in the statutory definition of disability does not apply to "impairments that are transitory and minor." *Quinn v. Chi. Transit Auth.*, No. 17 C 3011, 2018 WL 4282598, at *7 (N.D. Ill. Sept. 7, 2018) (internal quotation marks and citation omitted). However, "[w]hether Plaintiff's condition was a 'transitory and minor' impairment is a defense to an ADA claim for which the defendant bears the burden of proof." *Id*. Thus, whether Plaintiff was "regarded as" having a disability by Defendant is not properly considered at this stage.

Nevertheless, construing the allegations in Plaintiff's favor, as the Court must at this point in the proceedings, it finds Plaintiff's allegations sufficient to satisfy Rule 8's pleading requirements. Plaintiff adequately alleges causation when she states that her supervisor took away her largest account while she was on leave for her hip surgeries. *See Gogos*, 737 F.3d at 1173 ("[Plaintiff] alleges that he suffered an adverse employment action because of his disability: he asserts that immediately after he reported his medical conditions to his foreman at AMS, the foreman fired him.").[4]

While the Court previously indicated that Plaintiff could not attribute the alleged adverse employment actions to both gender and disability given the ADA's "but-for" causation standard, the Court now concludes that at the pleading stage, such a requirement is not necessary. *See* Fed. R. Civ. Proc. 8(d)(2) (permitting a party to "set out 2 or more statements of a claim . . . alternatively or hypothetically, either in a single count or defense or in separate ones," and providing that "[i]f a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."); *see also Alamo v. City of Chi.*, No. 12 C 4327, 2018 WL 5830763, at *4 (N.D. Ill. Nov. 7, 2018) (rejecting the defendant's argument that the plaintiff "has failed to state a claim because he advances the mixed-motive theory that he was discriminated against both for his disability and for his race and national origin" because the defendant "has offered, and this Court is aware of, no authority establishing that alleging multiple forms of illegal discrimination constitutes an improper mixed-motive theory").

*Gender Discrimination*

Under Title VII, "[t]he legal standard used to evaluate a discrimination claim 'is simply whether the evidence,' considered as a whole, 'would permit a reasonable factfinder to conclude that the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the discharge or other adverse employment action.'" *Abrego v. Wilkie*, 907 F.3d 1004, 1012 (7th Cir. 2018) (citation omitted). Plaintiff alleges that despite receiving consistently positive evaluations, she was held to a higher standard than her male counterparts; subjected to sexual harassment by a customer; denied an administrative assistant even though her male counterparts were allowed to hire assistants; placed on a Performance Improvement Plan for purportedly "trivial" or "unfounded" reasons; was required to follow an additional "recordkeeping rule" that male

---

[4] The Court agrees with Defendant that Plaintiff comes close to pleading herself out of court on her disability-discrimination claim by alleging that "Defendant capitalized upon [Plaintiff's] disability leave as an opportunity to strip her of her responsibilities and her largest client." (FAC, Dkt. # 42, ¶ 112.) The implication is that Defendant's reason for taking away Plaintiff's largest account was something other than her alleged disability, and that Defendant simply took advantage of Plaintiff's absence to strip her of the account. Indeed, Plaintiff alleges in her gender discrimination allegations that her manager "shut down her biggest account as a result of a dispute with the carrier." (*Id*. ¶ 35.) The Court, however, construes all allegations in Plaintiff's favor and thus finds this allegation is not fatal to her assertion that she was deprived of her largest account because of her disability.

4

coworkers were not expected to follow; was awarded a smaller bonus than lower-producing male coworkers; unlike her male counterparts, had her largest account taken away from her because of a dispute with the carrier; and suffered a significantly reduced income because her manager "allowed male Carrier Account Managers to book her 'auto-assigns' (bookings that she had developed that came to her automatically before she went on leave) with other carriers that had engaged in the same behavior," thus resulting in her constructive discharge. (FAC, Dkt. # 42, ¶¶ 24-39.) These allegations sufficiently allege gender discrimination.

*Retaliation and Constructive Discharge*

According to Plaintiff, she "'lodged a formal complaint [with the Human Resources Department] about the discriminatory treatment" she was purportedly subject to and complained that the subsequent harassment, humiliation, and change in her working conditions had become so intolerable that "she could no longer remain at [Defendant]." (FAC, Dkt. # 42, ¶¶ 48-53.) "To plead a retaliation claim under Title VII . . . , 'a plaintiff must allege that she engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity.'" *Williford v. Amazon Fulfillment*, No. 18 C 1679, 2018 WL 5924000, at *3 (S.D. Ind. Nov. 13, 2018) (citation omitted). Construing Plaintiff's allegations in a light most favorable to her, Plaintiff has satisfactorily stated a claim for retaliation. Defendant's argument that Plaintiff must plead facts supporting causation is unavailing. *See Bell v. Loyola Univ. Med. Ctr.*, No. 17 C 2783, 2018 WL 4030582, at *4 (N.D. Ill. Aug. 23, 2018) ("[Plaintiff] is not required to allege the causal-connection element at the pleading stage.")

With respect to constructive discharge, it can constitute an adverse employment action, but occurs only when a reasonable employee finds that her working conditions have become intolerable. *See Chapin v. Fort-Rohr Motors, Inc.,* 621 F.3d 673, 679 (7th Cir. 2010). The Seventh Circuit has recognized two forms of constructive discharge. *See id.* In the first form, a plaintiff must show working conditions "even more egregious than that required for a hostile work environment claim because employees are generally expected to remain employed while seeking redress, thereby allowing an employer to address a situation before it causes the employee to quit." *Id*. (citation omitted). The second form of constructive discharge "occurs '[w]hen an employer acts in a manner so as to have communicated to a reasonable employee that she will be terminated.'" *Id*. (citation omitted). While it does not appear that Plaintiff has alleged sufficient facts to satisfy the first form of constructive discharge, viewing the facts in her favor, she has alleged facts sufficient to state a plausible claim for constructive discharge under the second form. Accordingly, the motion to dismiss the constructive-discharge assertion is denied.

**Conclusion**

While not a model of clarity or consistency, Plaintiff's FAC adequately alleges claims for disability and gender discrimination as well as retaliation and constructive discharge. Whether she can elicit the necessary evidence to support these allegations will be determined either on summary judgment or at trial. For the reasons stated above, the motion to dismiss the FAC is

denied.

Date: March 5, 2019
                                                **Ronald A. Guzmán**
                                                **United States District Judge**