IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TARYN DIETRICH, ) <br> on behalf of herself and a class ) <br> of all those similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> C.H. ROBINSON WORLDWIDE, INC., ) <br> ) <br> Defendant. ) | Case No. 18-cv-04871 <br><br> Judge Nancy Maldonado <br> Magistrate Judge Gabriel A. Fuentes |

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT**

**I.     INTRODUCTION**

The Class Representative, TARYN DIETRICH, and Class Counsel, M. Nieves Bolaños and Patrick Cowlin of FISH, POTTER, BOLAÑOS, P.C. and Jamie S. Franklin, of the Law Offices of Chicago Kent, bring this Motion for final approval of the class and collective action settlement reached by the parties in this action. For the reasons that follow, the settlement should be approved, and the proposed order attached hereto as Exhibit A should be entered.

The Court determined at the preliminary approval stage that the settlement is fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23(e), and these criteria continue to be satisfied for purposes of final approval. Doc. 267. As follows, the Notice process outlined in the preliminary approval order has been completed by the Administrator, court-approved Notice was sent to each member of the class apprizing them of the terms of the settlement and their options (i.e., to participate, object or exclude themselves), no class member filed an exclusion, and no one objected. The settlement provides adequate relief for all class members, the proposed plan of allocation treats each class member equitably relative to one another, and it

is reasonable when weighed against the risks of continued litigation a including trial and almost certainly appeal(s). The proposed service awards for the Class Representative and five opt-in Plaintiffs are well-justified by their essential contributions and are within the range deemed appropriate in Seventh Circuit jurisprudence in employment cases, and the attorneys' fees and costs award requested by Class Counsel is consistent with Seventh Circuit jurisprudence. For all these reasons, the settlement satisfies the criteria for final approval and the Court should enter an Order in the form attached hereto as Exhibit A.

## II.     RELEVANT FACTS

In this action, the Plaintiffs challenged CHRW's classification of its Chicago-based carrier sales employees as "exempt" under the FLSA and IMWL. In their preliminary approval motion, Plaintiffs summarized the procedural history, the facts underpinning the litigation, the parties' claims and defenses the at the pleading, class and collective action certification and summary judgment phases, the extensive discovery that was conducted and the protracted motion practice related thereto, the court's prior orders in this suit, and the settlement negotiations with private mediator, Ret. Judge Wayne R. Andersen, that resulted in the settlement agreement. Doc. 261. Plaintiffs do not repeat that summary here. As set forth therein, the litigation history and settlement negotiations in this case have enabled Class Counsel to evaluate the Settlement and risks of further litigation. Class Counsel continue to opine that the Settlement satisfies all the criteria for approval and final certification of the settlement class continues to be appropriate, and their opinion should be accorded great weight, for the reasons set forth at preliminary approval.

### III. THE NOTICE REQUIREMENTS OF RULE 23 HAVE BEEN MET

Rule 23(c)(2)(B) requires the Court to direct to Class Members the "best notice that is practicable" under the circumstances, including "individual notice to all members who can be identified through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Where the names and addresses of class members are easily ascertainable, individual notice through the mail is "clearly the 'best notice practicable.'" *Id*. at 175. In the Preliminary Approval Order, the Court found the form, content, and proposed distribution of the Class Notice met the requirements of Rule 23. *See* Doc. 267, ¶11. In the two months since this Order, Class Counsel and the Claims Administrator have fulfilled their obligations under this Order and thus satisfied Rule 23's notice requirements.

Specifically, on March 7, 2023, the Claims Administrator mailed a copy of the notice and claim form packet to the members of the settlement class by U.S. Mail. Exh. B, Declaration of Caroline P. Barazesh. The Notice included a telephone number, email address and office address for Class Counsel and provided the option to request additional information about the settlement. Exh. B-1, p. 2. If a notice packet was returned by USPS as undeliverable, the Claims Administrator re-mailed the packet provided an alternative address was available. *Id.*, ¶9-10. Thirteen packets were returned and remailed. *Id.*, ¶9-10. As of this date, no Notice Packets were undeliverable – <u>100% of the Class Members received notice</u>. *Id.*, ¶ 11. The deadline to request exclusion or tender an objection to the Settlement was April 17, 2023. Ex. B, ¶ 13. As of this filing, neither Class Counsel nor the Claims Administrator has received a request for exclusion or any objections. *Id.*, ¶ 13.

## IV. FINAL APPROVAL IS APPROPRIATE BECAUSE THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE

### A. The Settlement Agreement is Fair, Reasonable and Adequate for the Reasons Set forth in the Preliminary Approval Order

Settlement of class action litigation is favored by federal courts. *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996). Class settlements must be approved by the district court and the court's inquiry is limited to the consideration of whether the proposed settlement is fair, reasonable, and adequate. *Id*. In determining whether a class settlement meets that standard, courts in the Seventh Circuit consider a variety of factors including: (a) the strength of plaintiffs' case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1014 (N.D. Ill. 2000) *citing Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 308 (7th Cir. 1985). On December 1, 2018, Rule 23(e)(2) was amended to set forth a list of criteria a court must address in approving a settlement. Fed. R. Civ. P. R 23(e)(2). The amendments do not displace any factor previously relied upon by federal courts, but rather, their goal is to focus the court on core concerns that should guide its decision whether to approve the proposal. 2018 Advisory Committee Notes, Fed. R. Civ. P. 23(e)(2). *See* Doc. 261, at 14. As set forth at the preliminary approval stage, the Settlement Agreement satisfies each of these criteria. *Id.* No class member has objected to the terms of the settlement and no class member has opted out. As such, the settlement continues to meet these requirements.

      **B. The Proposed *Pro Rata* Distribution of the Settlement Fund to Individual Class Members Is Fair, Reasonable and Adequate**

  Class Counsel's proposed allocation of the settlement fund is fair, reasonable, and adequate. As set forth at the preliminary approval stage, the settlement will provide each employee in the certified class approximately five hours of overtime pay for each week worked during the limitations period. Doc. 261-2, ¶32. This amount represents the payment they would have received had they been classified as nonexempt during the limitations period, assuming their standard fifty-hour workweek and a break of about one-hour per day. Each class member was apprised in the Notice of his or her estimated recovery. Exh. B, ¶6, Exh. B-1 at p. 2. The average individual award is over $29,000. No class member objected to the proposed plan of allocation, as set forth above. The proposed distribution accounts for class members' varying lengths of employment and their respective rates of pay, and thus treats class members equitably relative to each other. Class Members were not required to submit claim forms to receive these awards. For the reasons set forth in the Preliminary Approval Motion, this is an excellent result when factored against the risks of continued litigation, including trial and appeals.

      **C. The Proposed Service Awards Are Fair, Reasonable and Adequate**

  Class Counsel requests a service payment of $25,000 for the Class Representative, Taryn Dietrich, and pursuant to the Court's comments in connection with its Preliminary Approval Order, Class Counsel also seek service awards in the amount $5,000 for each of the five "opt-in" Plaintiffs who provided sworn declarations in connection with Plaintiffs' Motion for Class Certification and Plaintiffs' summary judgment response papers. Doc. 261, at 8-9. The class notice advised class members of the proposed service payments and no class member objected to the settlement on any basis, including the proposed service payments. Exhibit B-1, p. 3. The proposed enhancement payments are justified by these individuals' essential contributions to the

suit (the results in the case would not have been possible without them), the risks they undertook, and by the overwhelming weight of Seventh Circuit jurisprudence, which has emphasized the importance of such payments particularly in employment litigation.

"Incentive awards serve the important purpose of compensating plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiffs." *Furman v. At Home Stores LLC*, No. 1:16-cv-08190, 2017 U.S. Dist. LEXIS 73816, at *5 (N.D. Ill. May 1, 2017) (citations omitted). In deciding whether such an award should be approved, a court may consider the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation. *Cook v. Niedert,* 142 F.3d 1004, 1016 (7th Cir. 1998); *Am. Int'l Grp., Inc. v. Ace Ina Holdings, Inc.*, No. 07 CV 2898, 2012 U.S. Dist. LEXIS 25265, at *57-58 (N.D. Ill. Feb. 28, 2012).

Incentive awards are of even greater importance in employment cases, where employees incur risks to their professional reputations that are inherent when bringing class action litigation and providing testimony against an employer in a public court filing, on top of the other risks that come with filing a lawsuit, such as the potential for shifting costs or possibly even attorneys' fees if the suit were deemed frivolous. *Briggs v. PNC Fin. Servs. Grp.,* No. 1:15-cv-10447, 2016 U.S. Dist. LEXIS 165560, at *8-9 (N.D. Ill. Nov. 29, 2016); *Beesley v. Int'l Paper Co.*, No. 3:06-cv-703-DRH-CJP, 2014 U.S. Dist. LEXIS 12037, at *13-14 (S.D. Ill. Jan. 31, 2014) ("ERISA litigation against an employee's current or former employer carries unique risks and fortitude, including alienation from employers or peers."); *Sanchez v. Roka Akor Chi. LLC*, No. 14-cv-4645, 2017 U.S. Dist. LEXIS 65478, at *10-11 (N.D. Ill. Apr. 20, 2017) ("Although Plaintiff

was no longer employed by Defendant when he filed the Complaint, he risked retaliation from future employers for the benefit of all Settlement Class Members."); *Velez v. Majik Cleaning Serv.,* 2007 U.S. Dist. LEXIS 46223, at *23 (S.D.N.Y. June 22, 2007) ("[I]n employment litigation, the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers.") (quoted source omitted); *Scovil v. FedEx Ground Package Sys.*, No. 1:10-CV-515-DBH, 2014 U.S. Dist. LEXIS 33361, at *22-26 (D. Me. Mar. 14, 2014) (Noting a 2006 empirical study recognized incentive awards in employment discrimination cases were higher than in other class action suits), *citing,* Theodore Eisenberg & Geoffrey P. Miller, Incentive Awards to Class Action Plaintiffs: An Empirical Study, 53 UCLA L.Rev. 1303, 1308 (2006).

These factors are fully applicable here. Ms. Dietrich initiated this action in her name, provided discovery including sworn interrogatory answers, submitted a sworn declaration in support of class and collective certification, sat for a full day deposition, attended the mediation, has signed a general release, and worked with Class Counsel at each step in the litigation to ensure this excellent settlement was reached for the Class as a whole. Doc. 261-2, ¶¶ 43-48. CHRW is a leading employer in the freight logistics services industry, which is a niche field.[1] Ms. Dietrich asserted evidence supporting direct and specific allegations of unwarranted and retaliatory surveillance by her supervisor at the class certification stage. Doc. 147, at 23-24. By lending her name to this action and suing a preeminent company in her field and profession, Ms. Dietrich assumed inherent risks to her career.

The five "opt-in" plaintiffs who provided Declarations (Elan Serfaty, Ryan Lind, Travis Ruhl, Abigail Tantillo, and Darien Veal) similarly put their names to this action against by

opting into the suit, and further, by providing sworn testimony in support of the claims of the Class as a whole. *Id.*, ¶¶49-51. Their sworn Declarations provided significant probative evidence at the class certification and summary judgment stages. *Id.* Their testimony and participation were key to addressing the Court's concerns regarding the appropriateness of class certification in this matter. Doc. 147, pp. 16-17. Furthermore, the fact that the opt-in declarants worked on different teams and through distinct time periods within the class period was key to Plaintiffs' ability to demonstrate commonality, typicality, and predominance in support of their motion for class certification. *Id.*

In light of these contributions and the aforementioned risks, the proposed service payments for Ms. Dietrich and these "opt in" Plaintiffs are well supported by Seventh Circuit jurisprudence, Indeed, courts in the Seventh Circuit have repeatedly upheld awards of the same or similar amounts based on the same or similar contributions. *Brown et al. v. Cook County et al.*, No. 1:17-cv-08085, Doc. 282 (Granting final approval of $14,000,000 class action settlement in action alleging Hostile Work Environment, and approving incentive awards of $25,000 for each of the six class representatives, $15,000 for the three Named Plaintiffs who gave depositions; $10,000 for the eight Named Plaintiffs who answered interrogatories; and $5,000 for <u>each</u> of the three class members who provided Declarations and/or information to Class Counsel); *Chesemore v. Alliance Holdings, Inc.,* No. 09-cv-413-wmc, 2014 U.S. Dist. LEXIS 123873, at *17 (W.D. Wis. Sep. 4, 2014) (Noting, "[D]istrict courts in this circuit have awarded incentive fee awards ranging from $5,000 to $25,000."); *Briggs v. PNC Fin. Servs. Grp.,* No. 1:15-cv-10447, 2016 U.S. Dist. LEXIS 165560, at *9 (N.D. Ill. Nov. 29, 2016) (citing empirical study finding that the mean incentive award in employment class actions is approximately $12,000); *Will v. Gen. Dynamics Corp.*, No. 06-698-GPM, 2010 U.S. Dist. LEXIS 123349, at

---

[1] See, Doc. 219, Para 3, and https://www.chrobinson.com/en-us/about-us/our-company/

*12 (S.D. Ill. Nov. 22, 2010) ("Awards of $25,000 for each Plaintiff are well within the ranges that are typically awarded in comparable cases.") (Citations omitted).

### D. The Proposed Attorney Fee Is Reasonable

On March 28, 2023, Class Counsel filed Plaintiffs' Motion for Attorneys' Fees, which sought fees in the amount of $1,400,000, plus an additional $15,000 in costs (approximately one-third of the $4,300,000 settlement fund). Doc. 261. As set forth therein, this request is well-justified by the facts and circumstances of this case, and by Seventh Circuit law. *Id.* Plaintiffs incorporate the arguments and authorities therein by reference. The settlement notice explained that Class Counsel would file a motion for attorneys' fees in this amount. Exh. B-1, at p. 3. No class member objected to the request. Class Counsel represented the Class for the last four and one-half years, this has been a vigorously contested matter, and their work produced an excellent result in the instant settlement, without the significant risks and time associated with trial, appeals and additional litigation. The requested fee is in line with awards in similar cases and Seventh Circuit jurisprudence and it should be approved for the reasons set forth in the Motion for Attorneys' Fees. Doc. 261.

### V. CONCLUSION

**WHEREFORE,** for the reasons set forth above, the Court should grant the Motion for Final Approval of the Proposed Settlement, and enter the Order attached hereto as Exhibit A.


        Respectfully submitted,

        /s/ Patrick Cowlin_____
        One of Plaintiff's Attorneys

| | |
|---|---|
| Robin Potter | Jamie S. Franklin |
| M. Nieves Bolaños | Law Offices of Chicago Kent |
| Patrick Cowlin | 565 West Adams, Suite 600 |
| FISH, POTTER, BOLAÑOS, P.C. | Chicago, IL 60661 |
| 111 East Wacker Drive - Suite 2300 | (312) 906-5048 |
| Chicago, Illinois 60601 | jfranklin5@kentlaw.iit.edu |
| (312) 861-1800 | |
| robin@fishlawfirm.com | |
| nieves@fishlawfirm.com | |
| patrick@fishlawfirm.com | |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing **Plaintiff's Motion for Final Approval of Class Action Settlement** was served upon all parties by e-filing on May 17, 2023 with the Clerk of the Court using the CM/ECF system.

By: /s/ Patrick Cowlin
Patrick Cowlin